UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENE BARNES, <br><br>       Plaintiff, <br><br>   vs. <br><br> COSTCO WHOLESALE CORPORATION, and DOES 1 through 10, <br><br>       Defendants. | CASE NO. 2:19-cv-05782-DMG-KS <br><br> **STIPULATION AND PROTECTIVE ORDER - CONFIDENTIAL DESIGNATION ONLY** |

**Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based on the parties' Stipulation and Protective Order ("Stipulation") filed on July 16, 2020, the terms of the protective order to which the parties have agreed are adopted as a protective order of this Court (which generally shall govern the pretrial phase of this action) except to the extent, as set forth below, that those terms have been modified by the Court's amendment of paragraphs 6, 11, and 12 of the Stipulation.**

WHEREAS, plaintiff EUGENE BARNES (hereafter, "Plaintiff") seeks discovery of confidential, proprietary and trade secret documents and information from

1   Defendants Costco Wholesale Corporation (herein after, "Costco") regarding Costco's
2   policies, practices and procedures ("Confidential Information");

3       WHEREAS, Costco requires protection against the unrestricted disclosure and
4   use of such Confidential Information; and

5       WHEREAS, the parties agree that good cause exists for the entry of the
6   ~~foregoing~~ following Agreed Confidentiality and Protective Order:

7

## AGREED TERMS OF THE PROTECTIVE ORDER AS ADOPTED AND MODIFIED BY THE COURT[1]

10

11      1.      This Stipulation and Protective Order – Confidential Designation Only
12   (hereinafter, "Stipulation") shall govern all Confidential Information revealed in the
13   above-referenced lawsuit, whether the Confidential Information is contained in
14   documents produced, answers to interrogatories, deposition testimony, and/or any
15   other oral or written responses to discovery conducted in this matter, whether it is
16   revealed by Costco or any other party or third-party.

17      2.      A party shall indicate that information is Confidential Information
18   hereunder by producing a copy bearing a stamp or label signifying that it is
19   "Confidential."   In the case of testimony or any other oral information, it shall be
20   sufficient for a party to state that the Confidential Information is confidential pursuant
21   to this Stipulation at the time such testimony or oral information is given or conveyed.
22   Alternatively, a party may designate testimony as Confidential hereunder by marking
23   the transcript containing Confidential Information with the word "Confidential" within
24   thirty days (30) days of receipt of the transcript of said testimony.   In the event any
25   party creates a computer database, disk, compact disk, drive, digital or other electronic

26

27   _____

28   [1]      The Court's additions to the agreed terms of the Protective Order are generally indicated in bold typeface, and the Court's deletions are indicated by lines through the text being deleted.

record containing Confidential Information, the party creating such an electronic record shall mark the case or envelope containing the material with the word "Confidential." Documents printed from such electronic media shall be marked the same as documents originally produced on paper and shall be accorded the same status of confidentiality as the underlying Confidential Information from which they are made and shall be subject to all of the terms of this Stipulation.

3.  Confidential Information obtained by or produced to any party shall be held in confidence and revealed only to the named parties in the above-captioned matter, counsel of record, paralegals and secretarial employees under counsels' direct supervision, the parties themselves for purposes of deposition, the Court and court staff, court reporters, and such persons as are employed by the parties or their counsel to act as experts, investigators or consultants in this case.  All Confidential Information must be maintained in counsels' office, with the exception of documents and/or information provided to individuals employed to act as experts in this case.  The parties shall take all steps reasonably necessary to see that no person shall use, disclose, copy or record Confidential Information for any purpose other than the preparation or conduct of this case.

4.  All Confidential Information shall be used solely for the purpose of maintaining the present litigation, including any appeals or retrials, and not for any other purpose(s) or any other litigation.  Under no circumstances shall Confidential Information be disclosed to anyone other than the persons designated above, and the parties shall not disclose such Confidential Information to any undesignated person during or after the termination of this litigation.  Moreover, no Confidential Information shall be disclosed to a competitor (direct or indirect) of Costco, whether for the purposes of this litigation or otherwise.

5.  Before any Confidential Information is disseminated or disclosed to any of the above-designated persons, such person shall (a) read this Stipulation in its entirety; and, (b) agree to all provisions of this Stipulation.

6.     All depositions, pleadings, reports, notes, lists, memoranda, indices, compilations, electronically stored information, and records in which Confidential Information is discussed, documented or referred to shall themselves be deemed Confidential Information and shall be subject to this Stipulation. ~~Should a party use any Confidential Information in any pleading filed with the Court, that party shall, at the time of filing, request that the court impound the specific portion of the pleading containing the Confidential Information.~~ **If any party wishes to have Confidential Information filed or lodged with the Court under seal, the party must file an application in accordance with the requirements of Local Rule 79-5, and provide the requisite showing based on competent evidence of "good cause" or "compelling reasons," for a Court order allowing such papers to be filed under seal**

7.     Upon final termination of this litigation, each person subject to this Stipulation shall return all Confidential Information to counsel for Costco within thirty (30) days after the final disposition of this matter.  Documents that contain notations of counsel may be destroyed rather than returned, but it shall be the responsibility of counsel to ensure the documents are destroyed.

8.     The disclosure of any Confidential Information by Costco shall not serve to waive any of the protections provided by this Stipulation with respect to any other Confidential Information.

9.     No person who has received Confidential Information shall seek to vacate or otherwise modify this Stipulation at any time.  This Stipulation shall not be abrogated, modified, amended, or enlarged except by stipulation and agreement of the parties or by the Court ~~with notice given to each of the parties~~.

10.     Nothing in this Stipulation shall restrict a party's right to object to the disclosure of documents or information otherwise objectionable, protected or privileged pursuant to the California Code of Civil Procedure, applicable law, other than confidentiality, or to seek an agreement preventing disclosure or limiting the

discovery of Confidential Information, or to seek an agreement preventing disclosure or limiting the discovery of information or material that is objectionable on other grounds, regardless of whether or not such material may also constitute Confidential Information pursuant to this Stipulation.  This parties shall take reasonable steps necessary to have the Court enter an order consistent with the terms of this Stipulation.

11.    Nothing contained herein shall restrict the presentation of any evidence, including Confidential Information, to a jury or the Court at trial.  However, such presentation shall not constitute a waiver of any restrictions provided for in this Order and the parties agree to take reasonable steps to maintain the confidentiality of any Confidential Information at trial of this matter in such a manner and until such time as the Court may direct and/or as the parties may otherwise agree.  Before any such presentation of Confidential Information, the receiving party shall provide Costco with appropriate notice so that Costco may have the opportunity to lodge appropriate objections, seek the Court's direction to prevent disclosure of the Confidential Information, and/or **file an application in accordance with the requirements of Local Rule 79-5 to have the information filed under seal.** ~~move for appropriate confidential treatment of the materials at trial.~~

12.    The terms of this Stipulation shall remain fully active until released by written consent of Costco.  The Court shall retain jurisdiction over the parties, this Stipulation, and recipients of confidential documents, materials, and/or information for the sole purpose of enforcing this Stipulation and adjudicating claims of breaches thereof and administering damages and other remedies related thereto.  The provisions of this Stipulation shall continue to be binding as to the confidential documents, materials, and/or information produced pursuant to it.  **However, nothing in this Protective Order should be construed as authorizing a Receiving Party in this action to disobey a lawful directive from another court.**

13.    This Stipulation and Order may be executed in one or more counterparts, and facsimile signatures are deemed to constitute originals for purposes of this Stipulation.

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED: July 17, 2020

_____
KAREN L. STEVENSON
UNITED STATES MAGISTRATE JUDGE

Case No. 2:19-cv-05782-DMG-KS
STIPULATION AND PROTECTIVE ORDER - CONFIDENTIAL DESIGNATION ONLY